Rattle, J.
 

 There is nothing in the will of J ames P. Doggett, which was executed in the year, 1850, to take the child of the woman, Mahala, which was born after that time, and before the death of the testator, out of the general rule, and
 
 *435
 
 make it pass under the will. The child is, therefore, undisposed of, and belongs to the next of kin. The same is the case with respect to the buggy; but, we think the wagon was bequeathed to the widow under the general description of all the testator’s “farming utensils.” The word “utensil,” according to Webster, is derived from the latin verb “utor,” and signifies “ an instrument; that which is used; particularly an Instrument or vessel used in a kitchen or in domestic or farming business.” A wagon “is an instrument” generally used in farming business, and in some parts of the country almost as necessary as a plough or a hoe. In 1 Eoper on legacies 211, we find it stated that the word “utensil” will embrace every thing that is “ necessary for household purposes or applicable to the trade or mystery to which the term has reference.” The argument that the extent of the term is narrowed in the will, now before us, by the insertion of the word “ oxcart,” will prove too much, as it would exclude “ oxen ” from the import of the term “stock of cattle.” The word “ox-cart and oxen,” were evidently added out of abundant caution.— The plaintiff's, as the next of kin of the testator, have a right to treat the sale and purchase of the negro child, in question, by the executrix and her husband, as a nullity, and to have it resold for the purposes of a partition among them. The defendants are entitled to a reasonable compensation for their expense and trouble in keeping and taking care of it. The defendants must account for the buggy at a fair price, according to its value at the time of the testator’s death. The debts, including the funeral expenses of the testator, are a charge upon the negro child and buggy, as personal chattels undisposed of by the will, as such property always forms the primary fund for the payment of debts, in the absence of a special provision in the will to the contrary. There may be a decree for a sale and an account, upon the principles declared in this opinion.
 

 Per Curiam, Decree accordingly.